**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4101

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS DURAN SINGLETON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  Sherri A. Lydon, District Judge.  (5:21-cr-00829-SAL-1)

Submitted:  February 20, 2025                         Decided:  February 25, 2025

Before AGEE, HARRIS, and RUSHING, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  Derek A. Shoemake, CONNELL LAW FIRM, LLC, Lugoff, South Carolina, for Appellant.  Elliott Bishop Daniels, Assistant United States Attorney, Elle E. Klein, Assistant United States Attorney, Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Duran Singleton appeals his conviction and 63-month prison term imposed after he pled guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal, Singleton's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court erred in accepting Singleton's guilty plea and in denying his motion to withdraw that plea. Counsel also questions whether the 63-month prison term is procedurally and substantively reasonable. Singleton was informed of his right to file a pro se supplemental brief, but he has not done so. Invoking the appeal waiver in Singleton's plea agreement, the Government moves to dismiss the appeal of Singleton's prison term.[*]

Before accepting a guilty plea, the district court must conduct a plea colloquy during which it must inform the defendant of, and determine that the defendant understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea was voluntary and did not result from threats, force, or promises not contained in the plea

---

[*] The Government does not seek to enforce the appeal waiver in Singleton's plea agreement as against counsel's challenges to the district court's acceptance of Singleton's guilty plea and to its denial of Singleton's motion to withdraw his plea. We thus consider these issues and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

agreement, Fed. R. Crim. P. 11(b)(2), and that a factual basis supports the plea, Fed. R. Crim. P. 11(b)(3). "When determining whether a plea hearing complies with the requirements of Rule 11, we are obligated to accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." *United States v. Kim*, 71 F.4th 155, 165 (4th Cir. 2023) (internal quotation marks omitted).

Here, the record reveals that the district court complied with the requirements of Rule 11 in accepting Singleton's guilty plea, ensured that Singleton entered the plea knowingly and voluntarily and with an understanding of the consequences, and ensured that the plea was supported by an independent basis in fact. We thus discern no reversible error in the district court's acceptance of Singleton's guilty plea.

Turning to Singleton's appeal waiver, we review its validity de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

3

Our review of the record confirms that Singleton knowingly and voluntarily waived his right to appeal his conviction and sentence, except based on claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law affecting his sentence. We thus conclude that the appeal waiver is valid and enforceable as to counsel's challenge to Singleton's 63-month prison term.

Turning to counsel's argument that the district court erred in denying Singleton's motion to withdraw his guilty plea, we review the district court's decision for abuse of discretion. *United States v. Mayberry*, 125 F.4th 132, 140-41 (4th Cir. 2025). "A defendant awaiting sentencing does not have an absolute right to withdraw a guilty plea." *Id.* (internal quotation marks omitted). "Under Rule 11, a defendant may withdraw his guilty plea prior to sentencing *only* if he can 'show a fair and just reason for requesting the withdrawal.'" *Id.* at 141 (quoting Fed. R. Crim. P. 11(d)(2)(B)). As counsel acknowledges, and as we have concluded, the district court properly conducted its Rule 11 colloquy. "[T]hus, [Singleton] must overcome a strong presumption that his guilty plea is final and binding." *Id.* (cleaned up). We have articulated the following non-exclusive list of factors for the district court to consider in ruling on a defendant's motion to withdraw a guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*Id.* (quoting *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991), and describing six factors as the "*Moore* factors").

4

Counsel focuses on the fourth *Moore* factor, questioning whether trial counsel rendered ineffective assistance because Singleton "had trouble communicating with counsel," counsel "sometimes provided conflicting information," counsel moved to dismiss the indictment without Singleton's consent and "precluded" Singleton "from raising that issue on appeal," and counsel failed to file certain objections and motions after Singleton pled guilty. We are not persuaded.

"A well-established rule" governs our consideration of a defendant's argument that he should have been allowed to withdraw his guilty plea because he did not receive the close assistance of competent counsel. *Id.* "In such circumstances, the defendant must demonstrate that counsel's performance was deficient and that, but for counsel's errors, the defendant would not have pled guilty and would instead have insisted on proceeding to trial." *Id.* (internal quotation marks omitted). "Under this standard, a defendant must show that his counsel's error made a material difference in his decision to plead guilty." *Id.* As Singleton acknowledges, trial counsel's conduct after he pled guilty would not bear on his decision to so plead. Additionally, Singleton does not argue or explain why he would not have pleaded guilty had trial counsel and he not had trouble communicating, had counsel not provided conflicting information, and had counsel not moved to dismiss the indictment and precluded Singleton from raising the matter on appeal. We also note that, at the Rule 11 hearing, the district court ascertained that Singleton had discussed the indictment and case against him with his attorneys, that he understood the conversations he had with them and did not need additional time to speak with them about his plea, and that he was completely satisfied with the representation he had received from them. *See United*

5

*States v. Bowman,* 348 F.3d 408, 414 (4th Cir. 2003) ("The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted."). We thus conclude that the district court did not abuse its discretion when it held that Singleton failed to demonstrate his trial counsel's alleged errors had a material impact on his decision to plead guilty.

In accordance with *Anders*, we also have reviewed the remainder of the record and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss the appeal in part, dismiss the appeal of Singleton's prison term, and affirm in part. This court requires that counsel inform Singleton, in writing, of the right to petition the Supreme Court of the United States for further review. If Singleton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Singleton.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

6